**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FLOORCOVERINGS INTERNATIONAL, LTD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-02204-VMC |
| LEROY MOLOCK, ANGELA MOLOCK, and PEPPY GOAT INDUSTRIES LLC | ) ) ) ) | |
| Defendant. | | |

**DEFENDANT LEROY MOLOCK'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff seeks dismissal under Rule 41(a)(2) to refile in another forum following an adverse jurisdictional ruling. Such tactical maneuvering constitutes forum shopping and imposes substantial prejudice on Leroy Molock. The motion should be denied or, if granted, Plaintiff's right to refile should be conditioned upon payment of Defendant's costs.

**FACTUAL BACKGROUND**

1. On or about April 22, 2025, Plaintiff filed an 11-count Complaint (Doc 1), alleging violations of Defend Trade Secrets Act, 18 U.S.C. § 1836(b), Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, *et seq.*, Misappropriation of Trade

Secrets, Conversion, Trademark Infringement, False Representations and False Designation of Origin, Common Law Infringement, Unfair Competition, Breach of Contract, Accounting under 15 U.S.C. § 1117, and attorneys' fees and costs under O.C.G.A. § 13-6-11.

2. On or about April 29, 2025, Defendants, Angela Molock, and Peppy Goat Industries, were served with the Complaint, making their response date May 20, 2025.

3. The Court granted an extension for Defendants to answer on or before June 16, 2025. (Doc. 18.)

4. On June 16, 2025, Angela Molock and Peppy Goat Industries, LLC filed their Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 19.)

5. Leroy Molock filed his Answer to the Complaint the same day. (Doc. 20.)

6. On March 30, 2026, the Court granted Defendants Angela Molock and Peppy Goat's Motion to Dismiss for Lack of Personal Jurisdiction without prejudice. (Doc. 24.)

7. On April 17, 2026, Plaintiff filed its Motion to Dismiss without prejudice as to Defendant Leroy Molock. (Doc. 27.)

8. On March 2, 2026, Leroy Molock filed an Unopposed Motion to Extend the Time to File a Response to Plaintiff's Motion to Dismiss without prejudice. (Doc. 28.)

## ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, voluntary dismissal of an action requires court approval and appropriate conditions. The Eleventh Circuit holds dismissal should be denied where it would result in clear legal prejudice beyond a second lawsuit. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986) (fees appropriate); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (loss of rights considered); *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (prejudice standard).

Under Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may: (1) order the plaintiff to pay all or part of the costs of that previous action; and (2) stay the proceedings until the plaintiff has complied."

### B.  The Court Should Deny Plaintiff's Motion for Dismissal Because Defendant Leroy Molock Suffers Clear Legal Prejudice.

Dismissal would force Defendant Leroy Molock to relitigate issues, incur duplicative costs, and lose the benefit of this Court's rulings. Courts recognize duplication and tactical disadvantage as prejudice. *See McCants*, 781 F.2d at 858–60.

Here, Defendant Leroy Molock took necessary steps to respond to Plaintiff's complaint, including engaging counsel at substantial cost to himself, filing an Answer, and otherwise comporting himself to defend against an action brought by Plaintiff.  Mr. Molock should not be forced to incur these costs again in a second forum and in a second action because pursuing this action in this Court has now become inconvenient to Plaintiff.  Plaintiff chose this forum and should not be able to impose unnecessary costs on Plaintiff for its convenience.

Accordingly, the Court should deny Plaintiff's motion to dismiss without prejudice.

**B.  Alternatively, Should The Court Grant Plaintiff's Motion To Dismiss, The Court Should Condition The Payment Of Attorneys' Fees and Costs on Any Refiling.**

Under Fed. R. Civ. P. 41(a)(2) and 41(d), a plaintiff may voluntarily dismiss an action without prejudice, subject to the court's approval and any terms or conditions the court deems proper. "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). In *McCants*, the court emphasized that the district court must consider the defendant's interests when deciding whether to grant a dismissal without prejudice. Specifically, the court noted that the defendant's position, including any potential legal prejudice, should be protected.   Instead, the court must balance the

equities and may impose conditions, such as requiring the plaintiff to pay the defendant's litigation-related expenses, including reasonable attorney fees, as part of the "costs" under Rule 41(a)(2).  *McCants v. Ford Motor Co*., 781 F.2d 855, 860 (11th Cir. 1986).

Here, Leroy Molock has expended significant costs in responding to Plaintiff's action filed in this Court.  Mr. Molock will again incur many of the same expenses in an action refiled in the Western District of Texas.  The Court should condition any refiling on protecting Mr. Molock from this duplicative costs.

## **CONCLUSION**

For the foregoing reasons, Leroy Molock respectfully requests denial of the motion or, alternatively, that dismissal be conditioned upon Plaintiff paying Defendant's reasonable attorneys' fees and costs, if the action is refiled.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suit 2088
Oviedo, Florida 32765

By: */s/ Ian E. Smith*
    Ian E. Smith, Esq.
    Georgia Bar No. 661492
    ian@spirelawfirm.com

***Attorneys for Defendant Leroy Molock***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ian Smith*
Attorney